**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMIE GRAY,<br><br>　　　　　　Plaintiff,<br><br>-against-<br><br><br>DIRECT CASH LLC, DIRECT CASH TEXAS LLC, and DOES 1-10,<br><br>　　　　　　Defendants. | Civil Case Number:<br><br><br>**CIVIL ACTION**<br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff Jaime Gray (hereinafter, "Plaintiff") brings this Complaint (the "Complaint") against Direct Cash LLC, Direct Cash Texas LLC, and DOES 1-10 (collectively, "Defendants"), and allege, upon personal knowledge as to their own conduct, and upon information and belief as to the conduct of others, as follows:

**INTRODUCTION**

　　　　1.　　Plaintiff brings this Complaint against Defendants to stop Defendants from violating the Telephone Consumer Protection Act, 47 U.S.C § 227, et seq. ("TCPA") and invading the privacy of Plaintiff by making unsolicited telemarketing calls using a pre-recorded and/or artificial voice without his consent in violation of the TCPA as well as its related regulations under the National Do-Not-Call provision of 47 C.F.R. § 64.1200(c).

　　　　2.　　Defendants made several unauthorized telephone calls to Plaintiff's cellular telephone using an artificial and/or pre-recorded voice for the purpose of soliciting business from Plaintiff.

3. The TCPA was enacted to protect consumers from unsolicited and unwanted telephone calls exactly like those alleged in this case.

4. In response to Defendants' unlawful conduct, Plaintiff seeks monetary relief and an injunction requiring Defendants to cease all unsolicited artificial and prerecorded voice phone calls as well as an award of statutory damages per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations)

5. According to the Federal Communications Commission's website at https://www.fcc.gov/consumers/guides/stop-unwanted-robocalls-and-texts:

> The national Do Not Call list protects landline and wireless phone numbers. You can register your numbers on the national Do Not Call list at no cost… Telemarketers must remove your numbers from their call lists and stop calling you within 31 days from the date you register. Your numbers will remain on the list until you remove them or discontinue service – there is no need to re-register numbers.

6. The TCPA was designed to prevent telephone calls like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 744 (2012).

7. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate and similar entities may contact them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of

2

> protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on the TCPA's purpose).

8. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

9. Persons like Plaintiff have no control to stop unsolicited telemarketing calls placed to them, whether automated or otherwise.

## PARTIES

10. Plaintiff, JAMIE GRAY, is currently a citizen of Texas.

11. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

12. Upon information and belief, Defendant DIRECT CASH LLC is, and at all times mentioned herein was, a limited liability company registered in Delaware. Plaintiff further alleges, upon information and belief, that at all times relevant herein, Defendant DIRECT CASH LLC conducted business in the State of New York and in the County of Richmond, and within this judicial district.

13. Upon information and belief, Defendant DIRECT CASH TEXAS LLC is, and at all times mentioned herein was, a limited liability company registered in Delaware. Plaintiff further alleges, upon information and belief, that at all times relevant herein, Defendant DIRECT CASH TEXAS LLC conducted business in the State of New York and in the County of Richmond, and within this judicial district.

14. Defendants are each a "person" as defined by 47 U.S.C. § 153(39).

3

15. The true names and capacities of the Defendants sued herein as DOES 1-10 are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a Doe is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave to amend his complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

16. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

17. Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendants and/or was done in the routine normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

19. The Court has personal jurisdiction over Defendants because: (i) they conduct significant business in this District; and (ii) the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## FACTUAL ALLEGATIONS

21. Plaintiff's cellular telephone number ending in -1818 was added to the National Do-Not-Call Registry on or about September 8, 2009.

22. Pursuant to 47 U.S.C. § 227(c)(3)(F), Defendants are required to check the National Do Not Call Registry before attempting to transmit a telephone solicitation to the telephone number of any subscriber included in the National Do Not Call Registry.

23. Despite its obligations under the TCPA, Defendants placed numerous unlawful solicitation calls Plaintiff on his cell phone.

24. Defendants' telephone calls constituted telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendants' services.

25. Specifically, beginning on or about February 21, 2023, Defendants began calling Plaintiff's cellular telephone number ending in -1818 repeatedly from the telephone number (817) 775-3902, with a pre-recorded message, as defined by 47 U.S.C. § 227(a)(1).

26. Due to the cadence and tone of the pre-recorded message, Plaintiff was able to discern that, at the outset of the call, there was not a live representative on the line and that Defendants were utilizing a pre-recorded message.

27. During one of Defendants' initial calls to Plaintiff, he requested that Defendants stop calling him.

28. Plaintiff had not previously sought out Defendants' services, nor had Plaintiff attempted to retrieve information from Defendants about its services. Therefore, Plaintiff did not

have an established business relationship with Defendants, as defined under 16 C.F.R. § 310.4(b)(1)(iii)(B).

29. Despite Plaintiff's cellular telephone number ending in -1818 being on the National Do-Not-Call Registry for over 13 years, and despite Plaintiff requesting that Defendants stop calling him, Defendants called Plaintiff over sixty-five (65) times between February 21 and February 27, 2023 alone.

30. Such calls constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendants' products and/or services.

31. Plaintiff received these telephone solicitations from Defendants within the same 12-month period.

32. Defendants placed such calls for the purposes of financial gain.

33. Plaintiff was not interested in the products and services Defendants were offering in such solicitations. However, Defendants' calls to Plaintiff continued.

34. Plaintiff did not provide Defendants with his cellular telephone number at any point in time, nor did Plaintiff give permission to Defendants to place calls to his cellular telephone number at any point in time.

35. Plaintiff did not have an established business relationship with Defendants during the time of Defendants' calls.

36. Plaintiff did not have a personal relationship with Defendants at any point in time.

37. Plaintiff did not give Defendants any prior express invitation or consent in writing for Defendants to call Plaintiff's personal cellular telephone for marketing or solicitation purposes.

38. Upon information and belief, Defendants did not make the telephone solicitations in error.

39. Defendants' unsolicited telemarketing calls were a nuisance to Plaintiff.

40. Defendants' calls to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

41. Upon information and belief, at all relevant times, Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations, in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(c).

42. The regulations implementing the TCPA provide that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity had instituted procedures for maintaining a list of persons who request not to receive telemarketing calls…" 47 C.F.R. § 64.1200(d).

43. The regulations implementing the TCPA further provide that the company must have a written policy, available upon demand, and that the persons engaged in telemarketing must be informed and trained in the existence and use of the company's "do-not-call" list.

44. Based upon Plaintiff's personal experience of being repeatedly called by Defendants on his cellular telephone number after requesting that Defendants not contact him, Defendants do not maintain a list of persons who request not to receive telemarketing calls, nor do Defendants have a written policy on which they train their employees.

45. As a result of Defendants' acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries in fact, which include, but are not limited to, invading Plaintiff's privacy; intruding into his personal affairs; intrusion upon and occupation of the capacity of Plaintiff's telephone line without permission; wasting Plaintiff's time; and aggravation, annoyance, inconvenience, frustration, and similar categories of damages. Defendants' calls also constituted a form of the precise harm that Congress was attempting to prohibit with the TCPA, which was designed to remedy invasions of privacy and nuisances caused to Americans by

7

telemarketing calls placed without consent. Plaintiff actually suffered this precise injury by receiving the unwanted calls, and having his privacy so invaded through a disturbance of his solitude, and unwanted intrusion of his technology and personal space. Accordingly, Plaintiff has Article III standing to seek redress for these violations in Federal Court.

### COUNT I
### NEGLIGENT VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *et seq.*

46. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

47. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, 47 U.S.C. § 227(c), including the implementing regulations at 47 C.F.R. § 64.1200(c)-(d).

48. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

49. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### COUNT II
### KNOWING AND/OR WILLFUL VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *et seq.*

50. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of

8

the above-cited provisions of 47 U.S.C. § 227, *et seq.*, 47 U.S.C. § 227(c), including the implementing regulations at 47 C.F.R. § 64.1200(c)-(d).

52. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

53. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III
## NEGLIGENT VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227, *et seq.*

54. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

55. Defendants made unsolicited and unauthorized phone calls using an artificial or pre-recorded voice to the cellular telephones of Plaintiff for the purpose of marketing products and/or services to Plaintiff.

56. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

57. Defendants made unsolicited and unauthorized calls to Plaintiff for the purpose of marketing products and/or services to Plaintiff.

58. Defendants' conduct invaded Plaintiff's privacy.

59. As a result of Defendants' violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

60. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT IV
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227, *ET SEQ.*

61. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

62. At all relevant times, Defendants knew or should have known that its conduct as alleged herein violated the TCPA.

63. Defendants knew that it did not have prior express written consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice in violation of the TCPA.

64. Defendants willfully and/or knowingly allowed telemarketing calls to be placed to Plaintiff utilizing an artificial or pre-recorded voice. For instance, Defendants could have determined from a review of its own business records that it did not have the required prior express written consent to contact Plaintiff and/or Class members yet disregarded such information and placed illegal and unwanted solicitation calls.

65. Because Defendants knew or should have known that Plaintiff never gave their prior express written consent to receive prerecorded calls, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

66. As a result of Defendants' violations, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

a. On the First Count and as a result of Defendants' negligent violations of the TCPA's implementing regulations, Plaintiff seeks: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees; (vi) any other relief the Court may deem just and proper

b. On the Second Count and as a result of Defendants' knowing and/or willful violations of the TCPA's implementing regulations, Plaintiff seeks: (i) $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees; and (vi) any other relief the Court may deem just and proper;

c. On the Third Count and as a result of Defendants' negligent violations of 47 U.S.C. § 227(c), Plaintiff seeks: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees; (vi) any other relief the Court may deem just and proper; and

      d.      On the Fourth Count and as a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff seeks: (i) $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees; and (vi) any other relief the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       September 8, 2023

**KAZEROUNI LAW GROUP, A.P.C.**

By: _____
Ross H. Schmierer, Esq.
48 Wall Street, Suite 1100
New York, NY 10005
Phone: (800) 400-6808
Fax: (800) 520-5523
ross@kazlg.com

David B. Levin, Esq.
(*Pro Hac Vice* Application Forthcoming)
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, IL 60062
Direct: (224) 218-0882
dlevin@toddflaw.com

*Attorneys for Plaintiff*